UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-228-FDW

| | |
|---|---|
| JOHNNIE D. ALLEN, | ) |
|            Plaintiff, | ) |
| vs. | ) |
| FNU TAYLOR, et al., | )    **ORDER** |
|            Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983. (Doc. No. 8). See 28 U.S.C. § 1915(a). Also pending are Plaintiff's Motion for Preliminary Injunction, (Doc. No. 12), and Plaintiff's Motion to Appoint Counsel, (Doc. No. 17). On October 4, 2017, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 10). Thus, Plaintiff is proceeding in forma pauperis.

**I.    BACKGROUND**

Pro se Plaintiff Johnnie D. Allen, a North Carolina prisoner incarcerated at Maury Correctional Institution in Maury, North Carolina, filed this action on August 18, 2017, pursuant to 42 U.S.C. § 1983. Plaintiff filed an Amended Complaint on September 25, 2017. Plaintiff has named the following persons as Defendants: (1) FNU Taylor, identified as the Security Risk Group ("SRG") sergeant employed at Marion Correctional Institution; (2) Jeffery James, identified as a Unit Manager of F-Unit at Marion; (3) Morris R. McDaniels, identified as a Unit Manager of F-Unit at Marion; (4) Robert Barker, identified as a Disciplinary Hearing Officer; (5) Monica Bond, identified as the Chief Disciplinary Officer overseeing management of the

1

Disciplinary Hearing Officers Division of North Carolina Department of Public Safety ("NCDPS"), Division of Adult Correction; and (6) and FNU Long, identified as a Security Risk Group ("SRG") Captain. Plaintiff alleges that, while incarcerated at Marion Correctional Institution, his constitutional due process and other rights were violated because he was wrongly charged and found guilty after a disciplinary hearing of participating in gang activity. He further asserts that Defendant Taylor wrongfully opened some of his outgoing mail, in violation of his First Amendment rights. Plaintiff summarizes this action by stating that he is bringing claims for "invasion of privacy, conspiracy, discrimination and due process violations, in violation of the 1st, 4th, 8th, and 14th Amendments of the U.S. Constitution resulting in excessive punishment and family hardship and mental/emotion suffering by being placed in a false light." (Doc. No. 8 at 1). Plaintiff alleges, more specifically:

> On June 6, 2017, Defendant Taylor opened [Plaintiff's] outgoing mail and charged him with a A-14 for participation in gang activity. The Plaintiff is not a validated STG/SRG prisoner. [Plaintiff] is currently on the SRG associated watch list but has no mail or any other restrictions as an assumed associate. [Plaintiff] was read his rights for the infraction by the investigating officer Sgt. Stuart on 6-13-17 at or around 12 AM. [Plaintiff] gave a statement and requested the DPS policy and Procedure for SRG mail restrictions as evidence. Sgt. Stuart also looked up the DPS Policy and Procedure SRG section on mail and confirmed that [Plaintiff] was correct, assumed associates are not typically treated as validated prisoners are.
> But St. Stuart refused to allow [Plaintiff] view a copy of the Policy and Procedure to incorporate in its statement. On 6-20-17 Defendant James told [Plaintiff] the severity on the charge and again refused to let [Plaintiff] see the Policy and Procedure.
> On 6-28-17 [Plaintiff] went before the DHO, Defendant Barker who ordered reinvestigation due to [Plaintiff's] requested evidence (the Policy and Procedure) not being attached.
> [Plaintiff] wrote his first grievance between 6/20/17 and 6/28/17 but never got a response.
> [Plaintiff] was again asked by Defendant James how he pled on 7-3-17 and again pled not guilty.
> [Plaintiff] again submitted a grievance handing it to Sgt. Hensley of the upper F-unit who informed him that it was given directly to Defendant McDaniel.
> Like the first grievance, [Plaintiff]'s second grievance was ignored and

when he asked Defendant McDaniel about it he was chewed out.

Repeatedly [Plaintiff] asked Staff Sergeants Wilson, Hensley, Washburn, and Curtis to see the DPS, SRG Policy and Procedure and was denied.

On 7-12-17, [Plaintiff] again went before Defendant Barker for the A-14 'gang activity' infraction and was found guilty but the Defendant refused to read or allow [Plaintiff] to read the Policy and Procedure.

[Plaintiff] was stripped of his phone, visitation, and canteen privileges for 180 days and was held back in group for 45 days total.

On 7-12-17 [Plaintiff] submitted his appeal but never got a response in 30 days as is the amount of expected time.

The Plaintiff has had problems with the mailroom supervisor opening his incoming legal mail and certified mail and has submitted at least three separate grievances the latest finalized on 6-9-17 in Step 3 of grievance from [Inmate Grievance Examiner, or IGE] Jasmine T. Belyeu.

On 7-22-17 a third grievance to the grievance resolution board GRB via U.S. mail addressed to [IGE] Jasmine T. Belyeu.

In Defendant Taylor's statement he clearly states "he was reviewing SRG outgoing mail" explaining that the plaintiff is a[n] [assumed] associate of the Folk Nation.

Being validated and an assumed associate are two entirely different things.

The Defendants in this action were and are aware that they have violated [Plaintiff's] constitutional and state rights but refused to dismiss the infraction and discontinue this unconstitutional practice.

On [8-28-17] [Plaintiff] was again before DHO/Defendant Barker and inquired as to why he had not yet been answered for his 7-12-17 appeal and was informed after Barker looked on the screen that his decision stood.

Prior to learning about the denial of his appeal, on 7-21-17 [Plaintiff] spoke to Defendant, Capt. Long, asking him why he never responded back to his letter, request for informations and complaints and Long said he knew nothing about Defendant Taylor's actions, agreeing with [Plaintiff] that there should not have been any opening of his outgoing mail.

Nor has any of my letters to Defendant Taylor get answered prior to the DHO's final decision.

Had [Plaintiff] not inquired as to the whereabouts of the response to his appeal it would have never been provided because it was already overdue by three weeks and nobody knew it wasn't provided.

Upon receiving a copy of the print out form DHO assistant Bradley on 8-28-17 [Plaintiff] noted a lot of errors.

Although [Plaintiff] cited policy and procedure rules governing disciplinary procedures that were ignored and denied during the entire investigation, reinvestigation and hearings deliberately, there has never been an explanation as to why the DPS Policy and Procedure was not provided over how [Plaintiff] could be found guilty of rules that don't apply to him.

(Id. at 2-6). Under his "Claims for Relief" in the Complaint, Plaintiff further alleges that his

3

outgoing mail was wrongly opened because he was not a validated SRG member; the letter that was opened did not promote criminal activity or gang activity; the punishment Plaintiff received for the infraction was excessive; and the failure of Defendants James, McDaniel, Long, and Barker to provide Plaintiff with the DRS Policy and Procedure concerning the SRG guidelines and mail guidelines violated Plaintiff's right to due process. (Id. at 7-9). Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages in the amount of $3800. (Id. at 10).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

For the following reasons, the Court finds that Plaintiff fails to state a cognizable claim for a violation of any of his federal constitutional rights.[1] First, to the extent that Plaintiff alleges

---

[1] Furthermore, Plaintiff's claims for injunctive and declaratory relief are denied as moot because

4

that Defendants violated his Fourteenth Amendment due process rights, to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The Supreme Court has repeatedly held that a prisoner has no constitutional right under the due process clause to be incarcerated in a particular facility or to be held in a specific security classification, barring some showing by the prisoner that his confinement posed an atypical and significant hardship in relationship to the ordinary incidents of prison life. See Wilkinson v. Austin, 545 U.S. 209 (2005); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hewitt v. Helms, 459 U.S. 460, 468 (1976).

Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement ... is within the sentence imposed ... and is not otherwise violative of the Constitution.'") (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)).

---

he has been transferred away from Marion.

Here, to the extent that Plaintiff challenges his status as being on the SRG watch list, Plaintiff's designation as a SRG member is nothing more than a security classification used by the prison. Moreover, Plaintiff does not allege any facts showing that his current state of confinement poses an atypical and significant hardship in relationship to the ordinary incidents of prison life. Thus, Plaintiff fails to state a due process claim based on his SRG classification. Accord Hamilton v. Welton, No. 1:15-cv-963, 2015 WL 6453850, at *5 (W.D. Mich. Oct. 26, 2015); Taylor v. Clore, No. 7:07cv448, 2007 WL 2892681, at *3 (W.D. Va. Sept. 28, 2007).

As to Plaintiff's claim that his due process rights were violated in relation to his disciplinary hearing, he has not stated a cognizable due process claim. That is, prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits or solitary confinement, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. See Wolff, 418 U.S. at 564-71. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of

the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445, 455 (1985).

Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. See Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. See Hill, 472 U.S. at 456; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy. Here, Plaintiff has not sufficiently stated a claim for a due process violation under Wolff based on his allegations that he was not allowed to see the prison's written policies and procedures regarding SRG mail restrictions before his disciplinary hearing, nor has he stated a cognizable claim for a due process violation based on the charge against him for participating in gang activity.

Next, as for Plaintiff's cruel and unusual punishment claim, the punishment he received after being found guilty of participating in gang activity does not satisfy the very high standards for cruel and unusual punishment under the Eighth Amendment. See De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); Lattimore v. Doe, No. 1:13CV692, 2014 WL 197807, at **1-3 (M.D.N.C. Jan. 14, 2014).

Next, to the extent that Plaintiff alleges that his outgoing mail was wrongly opened in violation of the First Amendment rights, the Complaint alleges one incident in which Defendant Taylor opened his outgoing mail. The First Amendment protects a prison inmate's right to the free flow of incoming and outgoing mail. Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (citing cases). The Fourth Circuit Court of Appeals has held, however, that "the opening and

7

inspecting of an inmate's outgoing mail is reasonably related to legitimate penological interests, and therefore, constitutional." Altizer v. Deeds, 191 F.3d 540, 547-48 (4th Cir. 1999). Therefore, "although an inmate's First Amendment rights may be violated when his outgoing mail is censored, his First Amendment rights are not violated when his outgoing mail is simply opened and inspected for, among other things, contraband." Id. at 549. Accordingly, to the extent that Plaintiff alleges that Defendant Taylor opened and inspected his outgoing mail on one occasion, Plaintiff has not stated a cognizable claim for a violation of the First Amendment.

Finally, to the extent that Plaintiff purports to bring a claim for libel, invasion of privacy, or any other state law claims against any of the named Defendants, the Court declines to exercise supplemental jurisdiction as to any purported state law claims. 28 U.S.C. § 1367(a).

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed for failure to state a claim for an alleged violation of his constitutional or federal rights under Section 1983. See 28 U.S.C. § 1915(a).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim. Plaintiff's federal constitutional claims are dismissed with prejudice. To the extent that Plaintiff purports to bring state law claims, those claims are dismissed without prejudice.

2. Plaintiff's Motion for Preliminary Injunction, (Doc. No. 12), and Plaintiff's Motion to Appoint Counsel, (Doc. No. 17), are **DENIED** as moot.

3. The Clerk is directed to terminate this action.

Signed: July 27, 2018

Frank D. Whitney
Chief United States District Judge